

appear at the oral argument nor file a brief on behalf of respondent. He did obtain from this court an order extending the time for filing respondent's brief from April 14 to May 17, 1954, but sought no further extension. Under the circumstances we content ourselves with stating our ultimate conclusion: We have satisfied ourselves that the Board had jurisdiction to issue the order; that the finding as to the discriminatory discharge was supported by substantial evidence on the record as a whole; and that the remedial order of the Board was within its authority.

A decree will be entered enforcing the order of the Board.

Myron S. Waks, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Owsley Vose, Washington, D. C., on the brief), for petitioner.

Philip Licari, Santurce, Puerto Rico, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order against respondent issued November 27, 1953. The unfair labor practice found by the Board was the discriminatory discharge by respondent of one Benito Cotto Torres. Respondent was directed to offer reinstatement to the discharged employee with back pay. At the same time the Board issued a cease and desist order in the customary terms.

Before the Board, respondent filed exceptions to the trial examiner's report, challenging the examiner's findings of fact, conclusions of law, and recommendations. Counsel for respondent filed an appearance in this court but did not

**NATIONAL LABOR RELATIONS BOARD**

v.

**RUGCROFTERS OF PUERTO RICO, Inc.**

No. 4810.

United States Court of Appeals, First Circuit.

June 7, 1954.

**538**

circumstances we content ourselves with stating our ultimate conclusion: We have satisfied ourselves that the Board had jurisdiction to issue the order; that the finding as to the discriminatory discharge was supported by substantial evidence on the record as a whole; and that the remedial order of the Board was within its authority.

A decree will be entered enforcing the order of the Board.

Ruth V. Reel, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Louis Schwartz, Atty., Washington, D. C., on the brief), for petitioner.

Philip Licari, Santurce, Puerto Rico, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

**NOWAK**
v.
**GENERAL ACC. FIRE & LIFE ASSUR. CORP., Limited.**

No. 14902.

United States Court of Appeals, Fifth Circuit.

June 9, 1954.

### PER CURIAM.

The National Labor Relations Board petitions for enforcement of its order against respondent issued December 2, 1953. The unfair labor practice found by the Board was the discriminatory discharge by respondent of one Juan Jose Arcelay. Respondent was directed to offer reinstatement to the discharged employee with back pay. At the same time the Board issued a cease and desist order in the customary terms.

Before the Board, respondent filed exceptions to the trial examiner's report, challenging the examiner's findings of fact, conclusions of law, and recommendations. Counsel for respondent filed an appearance in this court but did not appear at the oral argument nor file a brief on behalf of respondent. He did obtain from this court an order enlarging the time for the filing of respondent's brief from April 10 to May 17, 1954, but sought no further extension. Under the

